IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| DANIEL EZIEL RAY, JR., <br><br> Plaintiff, <br><br> vs. <br><br> DANIEL PATTERSON, LIEUTENANT HANSEL, and MICHAEL CARR, <br><br> Defendants. | No. C07-98-DEO <br><br> **REPORT AND RECOMMENDATION OF DISMISSAL** |

_____

This case was commenced on September 28, 2007, when the plaintiff Daniel Eziel Ray, Jr., filed a complaint (Doc. No. 1) alleging that he had been subjected to "cruel and unusual punishment" by the defendants while he was an inmate in the Linn County Jail. In Claim 1, he alleged that defendant Patterson yelled at him, and that spit had come out of his mouth and landed on his face. In Claim 2, he alleged that defendant Hansel caused him to suffer emotional distress because he did not address Ray's complaints about Patterson. In Claim 3, he alleges that defendant Carr also caused him to suffer emotional distress by not addressing his complaints. The court initially denied Ray's request for appointment of counsel. Doc. No. 5.

As the case proceeded, counsel for the defendants lost contact with the plaintiff. In checking on Ray's whereabouts in April 2010, counsel learned that he had been released from the Linn County Jail, but then had been arrested on new charges and was back in the jail. Doc. No. 17. Nevertheless, she could not get Ray to respond to her communications. On September 28, 2010, the undersigned issued a new scheduling order establishing new deadlines in the case. Doc. No. 26. On October 7, 2010, in an effort to facilitate the prosecution of the case, the court appointed attorney Patrick E. Ingram to represent Ray. Doc. No. 28.

On October 8, 2010, the defendants served discovery requests on Ray. The defendants agreed to extend the deadline for responding to these requests several times, but Ray missed every deadline, so on September 28, 2011, the defendants filed a motion to compel. Doc. No. 39. On October 6, 2011, the court held a telephonic hearing on the motion. Mr. Ingram appeared for Ray at the hearing, and acknowledged that responses to the defendants' discovery requests were delinquent. He further acknowledges that the requests had been outstanding for more than a year, but he explained that he had lost contact his client. In light of the discussions held at the hearing, the court ordered Ray to respond to the defendants' discovery requests by October 20, 2011. The court admonished that, "[i]f the requirements of this order are not met in their entirety, the undersigned will recommend that this matter be dismissed with prejudice." Doc. No. 42.

On October 20, 2011, the court received an email message from Mr. Ingram explaining that he still cannot locate Mr. Ray. In the email, Mr. Ingram set forth reasons why he should be able to locate Mr. Ray. A copy of the email is filed as a sealed attachment to this order.

On this record, the court recommends that the case be dismissed with prejudice. *See* Fed. R. Civ. P. 41(b) (involuntary dismissal for failure to prosecute or comply with court order); *United States v. Meyer*, 439 F.3d 855, 860 n.7 (8th Cir. 2006) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-45, 111 S. Ct. 2123, 2132-33 (1991), for the proposition that "federal courts have the inherent power to . . . dismiss an action sua sponte for failure to prosecute"); *Tyler v. Iowa State Trooper Badge No. 297*, 158 F.R.D. 632, 637 (N.D. Iowa 1994).

Objections to the Report and Recommendation in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b) must be filed within 14 days of the service of a copy of this Report and Recommendation.

**IT IS SO ORDERED.**

**DATED** this 21st day of October, 2011.

PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT